SUZANNE S. HEAD, Petitioner-Appellee, v. HENRY B. HEAD, Respondent-Appellant.

First District (2nd Division) No. 87—0590

Opinion filed March 29, 1988.

698

Vincent F. Vitullo, of Chicago, for appellant.

David M. Mattenson and Stuart Gordon, both of Kanter & Mattenson, Ltd., of Chicago, for appellee.

David, Friedman, Zavett, Kane & MacRae, of Chicago (Linda S. Kagan, of counsel), guardian *ad litem.*

JUSTICE BILANDIC delivered the opinion of the court:

A judgment of dissolution of marriage was entered on December 11, 1985. The parties do not contest the dissolution of the marriage or child custody. This appeal concerns economic issues, namely, the valuation and distribution of marital property, the maintenance award, child support, and the allocation of attorney fees.

Petitioner, Suzanne S. Head (hereafter the wife) and respondent Henry B. Head (hereinafter the husband) were married in Chicago, Illinois, on April 15, 1961. The husband was a medical resident and the wife was a nurse. They have five children. When the judgment was entered, the husband was 51 years old, the wife 45 years old, and two of the children were minors. The husband is a physician specializing in internal medicine with a subspecialty of gastroenterology. The wife was a part-time real estate agent and presently a graduate student pursuing an advanced business degree.

It is not necessary to burden this opinion with a detailed list of total marital assets and the trial court's allocation. The husband challenges the propriety of the valuation placed on certain assets and what he considers inequitable burdens assigned to him.

A critical dispute arose over the value of the husband's interest in a professional corporation known as Cummins, Head & Khoury, Ltd., which he used for his medical practice. At the time of trial, the husband's annual income from this professional corporation was approximately $160,000. The wife's average annual real estate brokerage income over the last 10 years amounted to $12,000.

I

The judgment provided that the "Husband is awarded his interest in the professional service corporation *** constituting his medical practice which is valued at $175,000." It finds that the wife's experts determined the value to be $515,000 "using a capitalization earnings"

method and that "the court is unable to accept Wife's valuation." The court also found that the professional corporation "generated revenues considerably greater than the average earned by internists in similar urban areas" due to the "skills and professional reputations of the doctors" and to a considerable degree, due to the husband's "special training and skill in the sub-specialty of gastroenterology." That portion of the judgment then concludes that "the reasonable value of this asset is $175,000."

The husband's expert fixed the value of his interest in the professional corporation at $58,000, which is based on the value of the tangible assets. Both parties agree that there was no other evidence presented regarding the value of the tangible assets. Therefore, the trial court could not increase the $58,000 value to $175,000 based on a higher value of the tangible assets.

To support the determination of the $175,000 value, the trial court added $117,000 to the husband's $58,000 valuation. By doing so, the court considered the stream of future income and the greater than average revenues earned by the corporation. In *In re Marriage of Courtright* (1987), 155 Ill. App. 3d 55, 507 N.E.2d 891, and *In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 461 N.E.2d 447, we held that the value of the tangible assets is a proper basis for valuation of a medical practice.

Both cases also held that section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (hereinafter the Act) requires the court, among other things, to consider the sources of income and earning power of the spouses in apportioning the *total marital assets* between the parties. (Ill. Rev. Stat. 1985, ch. 40, par. 503(d).) This does not justify the use of income twice on the same asset, namely, as a basis for its individual value and again in the apportionment of the total assets.

The legislature also provided for an award of maintenance under section 504 based on the future earning capacity of the parties. (Ill. Rev. Stat. 1985, ch. 40, par. 504.) Based on the present and future disparity of earnings, the court also awarded the wife $216,000 as maintenance in gross to be paid over six years under certain conditions.

The wife contends that the value fixed by the trial court's determination is correct. Since her husband's expert fixed the value at $58,000 and her experts testified to a value of $515,000, the court's value of $175,000 is within the "range of value" and must be affirmed. In support of her argument, she relies on *In re Marriage of Melnick* (1984), 127 Ill. App. 3d 102, 468 N.E.2d 490, and *In re Mar-*

*riage of Weinberg* (1984), 125 Ill. App. 3d 904, 466 N.E.2d 925, *appeal denied* (1984), 101 Ill. 2d 578. These cases involve conflicting testimony of the value of existing *tangible assets*. In the case at bar, there is not any conflicting evidence of the value of the *tangible assets* of the professional corporation.

■ We therefore conclude that adding $117,000 to the value of the professional corporation awarded to the husband based upon a stream of future income was error because it results in a "double count" of potential future income by considering such income in both the valuation of the asset and considering it in apportioning the total marital assets and awarding maintenance.

## II

The trial court awarded the wife maintenance in gross of $3,000 per month, commencing on December 1, 1985, for a period of six years. It is terminable only on the wife's death, remarriage or cohabitation. The payments are nonmodifiable. Thus, the maximum cost to the husband would be $216,000. The court expressly considered the factors enumerated in section 504 of the Act. Ill. Rev. Stat. 1985, ch. 40, par. 504.

The husband contends that the award of maintenance was an abuse of discretion because the wife was self-sufficient. She is a registered nurse, real estate agent, and is presently pursuing an advanced business degree. The testimony clearly shows the annual income of both parties, their expenses, needs and lifestyles. The husband earned approximately $150,000 to $160,000 per year. The wife earned $17,165 in 1983 and $15,901 in 1984. Her average salary for the previous 10 years was approximately $12,000 per year.

■ The husband suggests that the wife sell the marital residence, which was awarded to her as a marital asset, invest the net proceeds, and maintain herself with the income. A spouse is not required to sell her assets or impair her capital in order to generate income from which she can support herself in the manner enjoyed during the marriage. *In re Marriage of Weinberg* (1984), 125 Ill. App. 3d 904, 918, 466 N.E.2d 925, *appeal denied* (1984), 101 Ill. 2d 578.

■ In light of the earning potential, the ages of the parties, and the consideration by the court of the appropriate factors under the Act, the decision appears to be equitable under the circumstances and well within the trial court's discretion. *In re Marriage of Rosen* (1984), 126 Ill. App. 3d 766, 467 N.E.2d 962.

The evidence showed that the husband had been recalcitrant as to his support obligations and that he threatened to give up his lucrative

practice and join the Army apparently to "punish" the wife. Thus, the record supports the discretionary decision of the trial court.

### III

The trial court found that the husband dissipated family assets in three instances. These findings are incorporated into the court's judgment. The husband argues that these findings are not supported by the evidence.

■■ Dissipation of marital assets by one spouse in contemplation of dissolution of marriage is an unacceptable practice. (*In re Marriage of Drummond* (1987), 156 Ill. App. 3d 672, 683, 509 N.E.2d 707, *appeal denied* (1987), 116 Ill. 2d 556.) The Act expressly states that the trial court, in dividing the marital property, must consider the dissipation of value of the marital and nonmarital property. (Ill. Rev. Stat. 1985, ch. 40, par. 503(d)(1).) Dissipation may be found where a spouse uses marital property for his or her own benefit and for a purpose unrelated to the marriage at a time when the marriage relationship is in serious jeopardy. *Drummond*, 156 Ill. App. 3d at 683.

■■ Whether a given course of conduct constitutes dissipation within the meaning of the Act depends upon the facts and circumstances of the particular case. Upon review, the trial court's determination regarding the dissipation of assets lies within the sole discretion of the trial court and will not be reversed absent an abuse of discretion. *Drummond,* 156 Ill. App. 3d at 683.

The determination of an abuse of discretion does not turn upon whether the reviewing court agrees with the trial court's distribution of assets, but whether the trial court acted arbitrarily without the employment of conscientious judgment. *In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 207-08, 443 N.E.2d 1089, *appeal denied* (1983), 93 Ill. 2d 542.

■■ In the case at bar, shortly before the wife filed her petition for dissolution of marriage, the husband created a trust for the education of the children. He used marital assets without her knowledge. The trust was actually a gift of income to the children because the corpus will revert to the husband 10 years and 1 month after its creation. The trial court correctly found that a portion of this corpus belongs to the wife because it was a marital asset. The dissipation is obvious.

■■ The husband paid a portion of his attorney fees out of marital assets. In defense, the husband states that the wife did the same thing with her attorneys. The record does not support this defense. Actually, the wife borrowed money to pay her attorneys a retainer

and will have to repay the debt. The trial court properly determined that a portion of the husband's fees that constituted the wife's marital assets was a dissipation by the husband.

 The third item of dissipation concerns a "loan" of $6,000 to the husband's brother. The husband testified that the loan was made in 1977. The record shows that the husband's brother, Stephen, worked at a stock brokerage firm in Chicago and handled the husband's investments. Stephen also had a part in the creation of the children's trust funds. Stephen testified that the husband told him, in 1983 or 1984, that the $6,000 was a gift. The trial court did not abuse its discretion by finding that the husband's "loan" or "gift" was a dissipation of marital assets.

The record supports the trial court's determination regarding dissipation of assets. It appears that determination was made largely upon the credibility of the witnesses and the documentary evidence. Thus, the trial court did not abuse its discretion.

## IV

 The husband asserts that the apportionment of the marital property demonstrates that the wife is in a better position to pay her own attorney fees and, therefore, the court's determination that the husband should pay 45% of the wife's attorney and expert fees was an abuse of discretion.

The order at issue states that it is entered in accordance with the parties' agreement by and between themselves and attorney Auerbach & Associates, and that Auerbach & Associates is awarded fees of $85,000 to be paid by "Petitioner and Respondent." The order further provides for the wife to pay 55% and the husband to pay 45%. Thus, it appears that the parties stipulated to the division. Nonetheless, the husband contends it was an abuse of discretion.

The husband's argument regarding attorney fees is based on the continuing argument that the division of the property was inequitable and unfair. The husband continues to argue that the wife has no need to live in the expensive marital residence and that it should be sold so the wife would be able to pay her own attorney fees.

In this case, the wife's income was insufficient to cover the costs and fees incurred during this lengthy litigation. The husband has superior earning power and potential for acquiring additional assets and thus is better able to bear some of the costs. (*In re Marriage of Skahn* (1986), 149 Ill. App. 3d 764, 776, 501 N.E.2d 229.) The husband's argument that the wife was awarded substantial marital assets which could be converted into cash to pay her own fees is unpersua-

sive. The law is clear. A party need not deplete savings or divest herself of assets awarded to her to enable her to pay attorney fees. *Skahn*, 149 Ill. App. 3d at 776.

The award of attorney fees and the amount to be paid by the parties is within the discretion of the trial court and will not be disturbed absent a clear showing of an abuse of discretion. *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 299, 483 N.E.2d 1229.

In this case, the court's determination was within the authority granted in section 508 of the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 508.) Accordingly, the order of the trial court was not an abuse of discretion.

## V

■■■ The husband submits that the division of property is unfair. A trial court is not bound to make an equal division of marital property. Rather, after considering all relevant factors, it may, in its discretion, distribute the property in whatever proportion it deems equitable. That division will not be reversed absent an abuse of discretion. *In re Marriage of Weinberg* (1984), 125 Ill. App. 3d 904, 913, 466 N.E.2d 925, *appeal denied* (1984), 101 Ill. 2d 578.

Here, the trial court properly considered all relevant statutory factors, voluminous documents and the evidence presented at the lengthy trial. Except for the erroneous value placed on the value of the husband's professional corporation, the apportionment of property appears equitable and supported by the record. Thus, the trial court did not abuse its discretion.

Accordingly, this matter is remanded to the circuit court of Cook County for further proceedings as to the division of the marital assets consistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

STAMOS and CAMPBELL, JJ., concur.