*In re* MARRIAGE OF DENISE SOBO, n/k/a Denise Iosco, Petitioner-Appellee, and PETER SOBO, Respondent-Appellant.

First District (4th Division) No. 1—89—0006

Opinion filed October 18, 1990.

Sewell & Brown, of Chicago, for appellant.

Doss, Puchalski & Keenan, Ltd., of Chicago (Donald E. Puchalski, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Respondent Peter Sobo brings this appeal seeking reversal of certain portions of a trial court's order relating to the dissolution of his marriage to petitioner Denise Sobo. Peter does not contend that the trial court erred in dissolving his marriage to Denise. Rather, Peter asserts that the trial court's order must be reversed because: (1) the trial court's finding that Peter had dissipated marital assets was against the manifest weight of the evidence; (2) the trial court's order that Denise had not dissipated marital assets was against the manifest weight of the evidence; and (3) the trial court erred in distributing the marital property.

We affirm.

BACKGROUND

Peter and Denise were married on October 30, 1982. Peter and Denise had two children: Alexandra, born October 21, 1984, and Kristen, born November 23, 1985.

During the course of the marriage, the parties acquired a home in Melrose Park, two individual retirement accounts, a personal injury settlement of approximately $24,000, a 1986 automobile, and interests in certain pension plans. In addition, the parties acquired furniture, home furnishings, and clothing.

The parties separated on January 15, 1987, and Denise filed for dissolution on April 9, 1987. On May 21, 1987, a mutually agreed upon restraining order was entered prohibiting the parties from withdrawing, spending, destroying, assigning or incurring any liens on the assets of the parties.

The parties thereafter waived the two-year statutory separation period and agreed that Denise should retain custody of the two children. Peter was granted reasonable visitation. The matter went to trial on the grounds of irreconcilable differences.

The record reveals that Peter is employed as a policeman with the Melrose Park police department. Denise, on the other hand, was not employed at the time of the parties' separation but instead cared for the parties' two young children. After his departure from the home, Peter agreed to provide Denise with $966 per month to cover the expenses incurred by herself and her two children.

The trial testimony centered on the charges and countercharges regarding the dissipation of marital assets. The evidence revealed that Peter had a serious gambling problem. This gambling problem led him to incur substantial debt even after the entry of the trial court's restraining order. Specifically, to pay his gambling debts, Peter borrowed $14,600 from his parents, obtained a $3,000 loan on Peter's life insurance policy, and incurred approximately $10,000 in credit card and credit line charges. In addition, Peter borrowed $10,500 from his police association and withdrew $2,000 from his individual retirement account. All of these monies were used to pay gambling debts and living expenses and all were incurred in violation of the trial court's restraining order.

The trial testimony also revealed that after Peter's departure, Denise withdrew certain monies to pay the living expenses of herself and her two children. Denise withdrew approximately $23,000 from the family's accounts, after Peter's departure, to pay for the day-to-day expenses incurred by the family.

At the conclusion of the trial, the trial court found that sufficient evidence had been presented to dissolve the marriage. The trial court also ruled that Peter had dissipated marital assets in the amount of $38,800 and found that Denise had not dissipated any marital assets. The trial court awarded each party its respective nonmarital property. In addition, the trial court ordered Peter to pay three years of maintenance and child support of $700 per month to Denise, awarded Denise the home in Melrose Park, split the proceeds from the parties' personal injury settlement, separated the couple's personal property, and ordered that each party pay his or her own attorney fees.

Peter took exception to certain aspects of the trial court's rulings and thereafter filed his timely notice of appeal.

OPINION

As set forth above, Peter urges three grounds for reversal. Initially, Peter asserts that the trial court's finding that he dissipated marital assets was against the manifest weight of the evidence.

■■ ■ Illinois courts have ruled that dissipation occurs when a spouse uses marital property for his or her own benefit and for a purpose unrelated to the marriage at a time when the marriage relationship is in jeopardy. (*Head v. Head* (1988), 168 Ill. App. 3d 697, 523 N.E.2d 17.) The issue of dissipation is generally a question of fact and the trial court's findings will not be disturbed unless the trial court's decision is contrary to the manifest weight of the evidence. (*In re Marriage of Drummond* (1987), 156 Ill. App. 3d 672, 509 N.E.2d 707.)

In addition, where the facts are disputed, the credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fact. *In re Marriage of Weinberg* (1984), 125 Ill. App. 3d 904, 466 N.E.2d 925.

In the case at bar, the trial court entered, pursuant to the parties' agreement, a restraining order prohibiting either party from utilizing marital assets without leave of court. Notwithstanding that order, the evidence is undisputed that Peter incurred substantial debt following the entry of the trial court's restraining order. This debt was incurred to satisfy Peter's gambling debts and was incurred without leave of court and without Denise's consent.

■ In addition, the trial court heard and considered Peter's testimony and explanation regarding the debts he incurred. The court also heard and considered Denise's testimony. The trial judge's order reflects that he believed Denise's testimony. Upon a full consideration of the record, we do not find that the trial court's factual finding that Peter dissipated marital assets to be against the manifest weight of the evidence. Accord *In re Marriage of Wojcicki* (1982), 109 Ill. App. 3d 569, 440 N.E.2d 1028.

■ We are likewise compelled to reject Peter's challenge to the trial court's ruling that Denise did not dissipate marital assets. Here again, the issue revolves around a question of fact. Specifically, Peter claimed that Denise's withdrawals were excessive and constituted dissipation of marital assets. Denise, on the other hand, testified that all of the withdrawals were necessary to pay the day-to-day expenses of herself and her children. The trial court heard the parties' conflicting testimony, reviewed each party's evidence, considered the arguments of counsel, and found that Denise did not dissipate marital property. We do not find that this ruling was either an abuse of discretion or against the manifest weight of the evidence.

■ Finally, Peter asserts that the trial court erred in the manner in which it divided the parties' marital property. The division of marital property is governed by section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 503). In dividing marital assets, the trial court can consider the income and earning power of the respective parties (*In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 461 N.E.2d 447), and the needs of the parties' children. (*In re Marriage of Sheber* (1984), 121 Ill. App. 3d 328, 459 N.E.2d 1056.) In dividing marital assets, the trial court is granted wide discretion and its determination will not be disturbed absent an abuse of discretion. *In re Marriage of Ackerman* (1988), 168 Ill. App. 3d 438, 522 N.E.2d 317.

██ Applying these principles to the case at bar, we find that the trial court did not abuse its discretion in dividing the parties' marital assets. The trial court's order reflects the court's concern for the welfare of the parties' minor children while carefully balancing Peter's needs. Specifically, Peter was granted $10,700 from the proceeds of a personal injury settlement, he was permitted to retain his $14,000 interest in his pension plan, and he was awarded the individual retirement accounts in his name. The trial court also split the personal property of the parties and ordered each party to pay its own attorney fees. Although Denise was awarded possession of the parties' automobile and home in Melrose Park, Denise retained custody of the parties' two children and the trial court could reasonably find that the automobile and home should therefore be awarded to Denise. Finally, an award of $700 per month as child support and maintenance for three years is not clearly erroneous. Under these circumstances, we do not find that the trial court abused its discretion.

Accordingly, for the reasons set forth, the decision of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.