*In re* MARRIAGE OF EMILY AURIEMMA, Petitioner-Appellee and Cross-Appellant, and MICHAEL AURIEMMA, Respondent-Appellant and Cross-Appellee (Schiller, Du Canto and Fleck, Additional Appellant).

First District (3rd Division)  Nos. 1—90—1761, 1—90—1896 cons.

Opinion filed October 5, 1994.—Modified opinion filed January 11, 1995, *nunc pro tunc* December 28, 1994.—Rehearing denied March 31, 1995.

---

Ilene E. Shapiro, Donald C. Schiller, David H. Hopkins, Sarane C. Siewerth, and R. Christopher Ditton, all of Chicago, for appellants.

Michael J. O'Malley and Jerome Marvin Kaplan, both of Chicago, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Petitioner, Emily Auriemma, and respondent, Michael Auriemma, were awarded a judgment for dissolution of marriage on May 10, 1989. Respondent appeals from the trial court's judgment on the issues of child custody, division of the marital estate and allocation of attorney fees. Petitioner cross-appeals and challenges the division of the marital estate. In a separately filed appeal, the law firm of Schiller, Du Canto & Fleck (hereinafter SDF), which represented petitioner for approximately 1¹/₂ years throughout the preliminary stages of this litigation, appeals from the trial court's award of attorney fees. We consolidated the appeals. Jurisdiction is vested in this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we affirm in part and reverse in part and remand with directions.

## FACTUAL BACKGROUND

The record clearly demonstrates that respondent subjected petitioner to an almost unending series of physical and emotional abuse during the course of their troubled marriage. We do not feel it necessary to envelope in buckram the particulars of a disturbing story which would serve only to cause future embarrassment to innocent persons unfortunately drawn into this controversy. Accordingly, we shall put forth only those facts which we deem essential.

On June 9, 1986, petitioner contacted SDF and conferred with the firm on obtaining a divorce from respondent. On June 11, 1986, petitioner filed a petition for dissolution of her marriage, along with a petition for an order of protection against respondent. In her petition for a protection order, petitioner stated that she was in fear for her life and was afraid to vacate the marital residence in Bensenville, Illinois. On June 12, 1986, the trial entered an *ex parte* order of protection and a temporary restraining order concerning the parties' assets. Accompanied by the Bensenville police and a private armed guard, petitioner moved from the marital residence to an apartment in Chicago.

Subsequently, the litigation seemed to expand almost exponentially into a *guerre à mort*. First, there was a considerable amount of legal wrangling that went on in Du Page County. Eventually, after an appeal, those collateral proceedings ended.

Next, the original *ex parte* order, which was extended for another 21 days, was subsequently extended for a full year, until June 30, 1987. Almost immediately after its entry, respondent began violating the protection order. Consequently, a series of hearings and new orders ensued. At one particularly bizarre point, it was determined that the telephone in petitioner's Chicago apartment had been bugged. Needless to say, this occurrence led to even more satellite litigation.

Eventually, these extraneous matters wound down and the trial court was permitted to get to the business of apportioning the marital estate, awarding custody and visitation of the parties' children and providing for their support, and awarding and apportioning attorney fees.

## ISSUES PRESENTED FOR REVIEW

On appeal, respondent argues that: (1) the trial court erred in its award of child custody and visitation; (2) the trial court erred in dividing the marital estate; and (3) the trial court erred in its allocation of attorney fees between the parties. On cross-appeal, petitioner urges that the trial court erred in its allocation of the marital estate. In its appeal, SDF contends that the trial court erred in its award of attorney fees.

## OPINION

Respondent first contends that the trial court's decision to split custody of the couple's two minor sons (giving Joey to petitioner and Michael Jr. to respondent) was contrary to the best interests of the children. However, we believe that this issue is moot.

■ "It is a well-recognized principle of law that a reviewing court will decide only actual controversies in which the interests or rights of the parties to the litigation can be granted effectual relief. [Citation.] An appeal becomes moot when a court can no longer effect the relief originally sought by an appellant or when the substantial question involved in the trial court no longer exists." (*HealthChicago, Inc. v. Touche, Ross & Co.* (1993), 252 Ill. App. 3d 608, 610.) When a case is moot, a reviewing court's decision on the merits cannot afford either party relief and, thus, any decision so reached is merely an advisory opinion. (*In re Marriage of Landfield* (1987), 118 Ill. 2d 229.) "Illinois courts do not issue advisory opinions and should not indulge in the practice of rendering opinions simply for the sake of creating

precedents to govern future cases." (*People v. Halasz* (1993), 244 Ill. App. 3d 284, 285-86.) In the case *sub judice*, Michael Jr. has now reached the age of majority and, therefore, the issue of the two minor children being separated is no longer an actual controversy in which this court can grant any real relief. Accordingly, we cannot reach this issue.

We now turn to respondent's assertion that the trial court's division of marital property was an abuse of discretion. Specifically, respondent argues that the trial court incorrectly failed to order petitioner to pay an "equitable share" of a marital debt owed to respondent's mother and incorrectly credited petitioner with $30,000 in connection with a bank account. Additionally, respondent assigns error to the trial court's requiring him to pay petitioner $10,300 in connection with temporary maintenance and child support arrearage.

■ We begin our discussion of this issue by noting that a point raised but not argued or supported by citation to *relevant* authority fails to meet the requisites of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)) and, therefore, is deemed waived. (*Brown v. Tenney* (1988), 125 Ill. 2d 348, 362.) Moreover, we wish to emphasize that "[a] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (*Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 719.) Accordingly, any issue not clearly defined and sufficiently presented is also deemed waived. *Vincent v. Doebert* (1989), 183 Ill. App. 3d 1081, 1087.

■ Respondent's discussion of this issue opens with what is nothing more than an attempt to retry the facts in the appellate court bolstered only by self-serving conclusions. The only authority cited was a single cite to a case on an undisputed general principle of law. There is no argument or reasoned analysis, only pontification. Accordingly, we find respondent has waived argument of this issue by his failure to cite any *relevant* authority and properly present it. (*Brown*, 125 Ill. 2d 348.) Assuming, *arguendo*, that this issue was properly presented to this court, our examination of the record inextricably leads to the conclusion that there was no error in the trial court's allocation.

That said, we review respondent's contention that the trial court erred in its allocation of attorney fees between the parties. It is respondent's position that the trial court misapplied section 508 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill.

Rev. Stat. 1989, ch. 40, par. 508 (now 750 ILCS 5/508 (West 1992))) in holding that respondent had to pay $35,000 to SDF as attorney fees and that, instead, the trial court should have awarded respondent fees from petitioner. Section 508 provides as follows:

"(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, expected to be incurred by the other spouse, which award shall be made in connection with the following:

(1) The maintenance or defense of any proceeding under this Act.

(2) The enforcement or modification of any order or judgment under this Act.

(3) The defense of an appeal of any order or judgment under this Act ***.

(4) The maintenance or defense of a petition brought under Section 2—1401 of the Code of Civil Procedure seeking relief from a final order or judgment under this Act.

(5) The costs and legal services of an attorney rendered in preparation of the commencement of the proceeding brought under this Act.

(b) In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party.

(c) The court may order that the award of attorney's fees and costs hereunder shall be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party. Judgment may be entered and enforcement thereof had accordingly." Ill. Rev. Stat. 1989, ch. 40, par. 508 (now 750 ILCS 5/508 (West 1992)).

■ The award of attorney fees is within the sound discretion of the trial court and will not be disturbed by a court of review absent a clear abuse of that discretion. (*In re Marriage of Edelberg* (1982), 105 Ill. App. 3d 407.) In the case at bar, it is clear from the record that a significant portion of the attorney fees run up in this case was due to numerous breaches of restraining orders by respondent. In addition, the trial court's finding that respondent was in a better position to pay the fees was not at all an abuse of discretion given respondent's sizable income and petitioner's unemployment. Accordingly, we cannot find error in the trial court's award of attorney fees.

■ As the issue is similar to the one just disposed of, we next turn to SDF's appeal of the trial court's award of attorney fees. SDF in its petition requested fees of $155,987.76. The trial court found both parties to be have been extremely litigious and further found that SDF failed in its obligation to control the litigiousness of its own client. Accordingly, it reduced the total fee due to $63,000, with $35,000 to be paid by respondent. In doing so it also declined to impose fees stemming from litigation on the issue of an illegal wiretap that had been placed on petitioner's telephone in her Chicago apartment.

In our opinion, the trial court's findings award was partially correct. Like so much matrimonial litigation, this case has been since its inception completely out of control: a myriad of motions were filed, a collateral action in Du Page County, the subsequent appeal on that Du Page County action, and now this appeal. Thus, we agree with the trial court's refusal to award SDF the full amount of fees requested. However, we believe it was an abuse of discretion for the trial court not to award fees for the litigation surrounding the illegal wiretap placed in petitioner's home. In no way can it be reasonably said that the generation of fees with regard to this outrageous act was due to petitioner and her counsel's being unduly litigious. Accordingly, we reverse on this point and remand this cause with directions to the circuit court to enter an order directing *respondent* to pay $27,000 in attorney fees to SDF for the wiretap litigation.

■ Still to be considered is petitioner's cross-appeal on the issue of the division of the marital estate. "A spouse's dissipation of marital assets in contemplation of the marriage's dissolution is an unacceptable practice. *** Dissipation can be found where a spouse uses marital property for his benefit and for a purpose not related to the marriage at a time when the marriage relationship is in serious jeopardy." (*In re Marriage of Isaacs* (1994), 260 Ill. App. 3d 423, 429; *Head v. Head* (1988), 168 Ill. App. 3d 697, 702.) "Whether a given course of conduct constitutes dissipation within the meaning of the Act depends upon the facts and circumstances of the particular case. Upon review, the trial court's determination regarding the dissipation of assets lies within the sole discretion of the trial court and will not be reversed absent an abuse of discretion." (*Head*, 168 Ill. App. 3d at 702.) A reviewing court, in making its assessment of whether an abuse of discretion by a trial court has occurred, does not determine if it agrees with the trial court's distribution of assets, but whether the trial court acted arbitrarily without employing conscientious judgment. *In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 207-08.

■ In the case *sub judice*, petitioner reviews extensively much of the evidence in the record and then based upon that self-serving review draws the conclusion that respondent dissipated numerous assets. However, none of petitioner's arguments are persuasive. Instead, we believe the trial court's division of the estate, which awarded the bulk of the estate to petitioner, was far from arbitrary and was, in fact, quite generous to petitioner. Thus, we find no error.

## DISPOSITION

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed in part and reversed in part and remanded with directions.

Affirmed in part and reversed in part and remanded with directions.

CERDA and GREIMAN, JJ., concur.