**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 170731-U

Order filed November 22, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| RHONDA MARRS, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Petitioner-Appellee, | ) | Kankakee County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-17-0731 |
| | ) | Circuit No. 05-F-54 |
| | ) | |
| DAVID ZAWISTOWSKI, | ) | Honorable |
| | ) | Michael D. Kramer, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

**ORDER**

¶ 1      *Held*:   Appeal dismissed as moot where intervening events renders it impossible to grant effectual relief to respondent.

¶ 2      In 2006, petitioner, Rhonda Marrs, and respondent, David Zawistowski, entered into a joint parenting agreement regarding their twin boys, who were born in August 2000. In May 2012, David filed a petition to modify joint custody, wherein he requested sole custody of the children. Thereafter, David filed an amended petition in 2014, and again in 2016. After David

failed to appear for a hearing in April 2017, the trial court dismissed David's amended petition. David filed a motion to reconsider, which the trial court denied. David appealed.

¶ 3                                    I. BACKGROUND

¶ 4        In February 2006, the parties entered into a joint parenting agreement regarding their five-year-old twins, which was incorporated into a trial court order. Under the joint parenting agreement the parties had joint custody and named Rhonda as the residential parent. Under terms of the agreement, the parties had agreed to mediate any unresolved conflicts, "which do not involve serious endangerment of the children's physical, mental, moral or emotional health."

¶ 5        On February 10, 2010, David, through his attorney, filed a petition to modify joint custody, with David requesting to be designated as the residential parent of the minors. At a hearing on April 18, 2011, the trial court found David failed to prove a change in circumstances and granted Rhonda's motion for a directed finding.[1] David filed a *pro se* "motion for rehearing or reopening proofs," which the trial court granted. After the rehearing on May 31, 2012, the trial court again granted Rhonda's motion for a directed finding.

¶ 6        On May 11, 2012, Rhonda filed a petition to terminate joint custody, in which she alleged a change in circumstances and requested sole custody of the minors. On May 31, 2012, by way of new counsel (Scott N. Sliwinski), David filed a response and a "counterpetition to terminate joint custody," requesting sole custody. (The record contains no indication that Rhonda was provided with a notice of that filing). On June 29, 2012, Rhonda's attorney, Edward S. Glazar, Jr., withdrew Rhonda's petition to terminate joint custody and indicated that he was not aware that a counterpetition had been filed. Sliwinski indicated that he would "notice it up."

---

[1] Evidence at the hearing showed the minors were 10 years old and in fifth grade at that time.

¶ 7        On June 29, 2012, David filed another *pro se* motion to reopen proofs related to his 2010 petition to modify joint custody. Attorney Sliwinski, thereafter, withdrew as David's counsel. The trial court denied the *pro se* motion. David appealed the directed finding in favor of Rhonda, and this court affirmed the trial court's ruling. See *R.M. v. D.Z.*, 2013 IL App (3d) 120846-U.

¶ 8        On April 5, 2013, during a status hearing on all pending matters, which included child support and attorney's fees, David, appeared *pro se* and made no reference to his 2012 counterpetition to modify joint custody. David requested a continuance to find an attorney, and the case was thereafter continued multiple times on that basis.

¶ 9        On August 20, 2013, the trial court denied David's request for additional time to find an attorney. During the hearing, David questioned Rhonda as a witness regarding his petition for a downward modification of child support. Glazar objected David's questioning of Rhonda about where the minors attended school to establish that the minors primarily lived with him. The trial court noted it had previously rejected David's argument that he was entitled to a reduction in child support or a change in residential custody based on his allegations that he was the primary caregiver. The trial court found David's income had increased and there was a child support arrearage of $24,583.  The trial court also noted that no action had been taken on David's counterpetition to terminate joint custody since it was filed in 2012. Rhonda's attorney indicated he was not aware of the pleading. The trial court provided Rhonda's attorney with a copy of the pleading and allowed Rhonda 28 days to respond.

¶ 10        On September 18, 2013, Rhonda filed a response and requested that David's counterpetition to terminate joint custody be dismissed. Thereafter, she filed a motion for leave to strike David's request for sole custody because there had been a custody finding within two

3

years. At a subsequent hearing, the trial court granted Rhonda's motion to strike David's request for sole custody, noting David had not appeared at the hearing.

¶ 11 On October 31, 2013, David appeared *pro se* and requested time to amend his counterpetition to add allegations of physical violence. The trial court asked David, "is it your wish to withdraw this petition and file a new petition?" David indicated, "No. An amended petition." The trial court allowed David's motion for leave to amend.

¶ 12 On January 13, 2014, David filed an amended counterpetition to terminate joint custody, alleging, *inter alia*, that Rhonda had been physically and mentally abusive toward the minors and requesting joint custody be terminated, he be awarded sole custody, his child support obligation be terminated, and Rhonda be ordered to provide child support. On March 17, 2014, Rhonda filed a response requesting David's amended counterpetition be dismissed, to which David filed a *pro se* motion to strike as untimely.

¶ 13 On March 24, 2014, the trial court had ordered mediation.

¶ 14 On May 23, 2014, the trial court found David was not prejudiced by Rhonda's late filing because mediation was yet to be completed. The trial court granted Rhonda's motion to file her response *instanter*.

¶ 15 On July 22, 2014, the mediator's report was filed, indicating each party participated in individual mediation sessions in April 2014, but David had failed to appear at a joint mediation session on June 25, 2014, and he could not be reached by telephone.

¶ 16 On July 22, 2014, David did not appear in court. Glazar stated, "I filed a petition for rule, as the Court suggested. I believe that's what's up for today." (The record shows no such petition was filed). The trial court allowed the petition and continued the case. On August 9, 2014, Rhonda filed the petition for rule to show cause for David's failure to comply with the court's

4

mediation order. On August 18, 2014, the trial court allowed Rhonda's petition and indicated that the issues of why David should not be found in contempt would be heard "at some other time." On September 22, 2014, the trial court discharged the rule to show cause.

¶ 17 As of October 14, 2014, mediation was still not completed, and the case was continued. David did not appear at the continued hearing on October 31, 2014. On December 9, 2014, Rhonda filed an amended petition for rule to show cause and, in support, attached the affidavit of the mediator's legal secretary, indicating that: David had appeared for mediation on May 14, 2014, but Rhonda had not; mediation was rescheduled for May 28, 2014, but David could not be reached via phone so a confirming letter was sent to him, which was returned as undelivered; Rhonda appeared at the joint medication session on May 28, 2014, but David did not; mediation was rescheduled for June 25, 2014, but the confirming letter sent to David was returned undelivered; David did not appear for mediation on June 25, 2014 (Rhonda did appear); and, on September 12, 2014, David hand delivered a copy of his work schedule to the mediator's office.

¶ 18 On January 6, 2015, a hearing on Rhonda's amended petition for rule to show cause took place. The trial court noted that David's petition to modify custody could not be heard until mediation was completed and indicated it would consider dismissing David's petition if its mediation orders were not followed. David stated, "mediation should be terminated." The trial court indicated, "we'll continue this [for] another 21 day and see where we're at with regard to the mediation."

¶ 19 On January 26, 2015, David filed a *pro se* petition for substitution of judge for cause. It was subsequently denied by the trial court.

¶ 20 On January 26, 2015, David also had filed a motion to terminate mediation, alleging that the mediator, Kim Donald, had appeared on behalf of Rhonda earlier in this case (on October 6,

5

2011), but failed to inform David of her conflict of interest when she was assigned as the mediator. David again requested that mediation be terminated or, alternatively, that a new mediator be assigned. The trial court subsequently denied David's motion to terminate mediation, and, again, ordered the parties to complete mediation. On June 1, 2015, the mediator filed a report indicating Rhonda provided her availability for mediation on May 20, 2015, and the mediator's office had placed 13 phone calls to David (from May 20 to June 1, 2015) to schedule mediation but David could not be reached. Mediation was subsequently completed on July 13, 2015, without the parties reaching an agreement.

¶ 21       On August 14, 2015, David Gotzh filed his appearance as David's attorney. Following a status hearing on October 8, 2015, the case was set for trial on December 17, 2015. On December 17, 2015, the trial court continued the case, over David's objection because Rhonda's attorney was a candidate for Kankakee County State's Attorney and was required to appear before the electoral board that day. The trial court also ordered David to amend his pleading to conform to the upcoming amendments to the applicable law that were to take effect on January 1, 2016.

¶ 22       On January 5, 2016, David filed a second amended counterpetition to terminate the parties' joint custody agreement, requesting a reallocation of parental responsibilities. On January 27, 2016, the case was continued due to David submitting new evidence (photographs). On April 1, 2016, the trial court allowed Gotzh to withdraw as David's counsel. After multiple continuances at David's request to secure another attorney, David indicated that he was ready to set a date for trial without obtaining new counsel. A pretrial conference was set for August 20, 2016.

¶ 23       On May 13, 2016, Rhonda filed a petition to increase child support.

¶ 24    On August 10, 2016, at the pretrial conference, the parties acknowledged that mediation had been completed and Rhonda was withdrawing her amended motion for rule to show cause (filed on December 9, 2014). The parties confirmed that seven witnesses would be called to testify at trial, including the parties' children (who were 16 years old at that time). The parties were ordered to complete new financial affidavits, and a hearing on the allocation of parenting time was set for October 4 and 5, 2016.

¶ 25    On October 4, 2016, David, appearing *pro se*, first argued that Rhonda had not responded to his second amended counterpetition to terminate the joint custody. The trial court indicated that Rhonda was not required to respond and instructed David to proceed. David called Rhonda as his first witness. After Rhonda testified, the case was continued to the next day, at which time the parties indicated they had reached an agreement on all issues and the matter was continued for a prove-up hearing. On October 11, 2016, the parties indicated they would be mediating two unresolved issues. Mediation was ordered, and the case was continued. On November 15, 2016, the parties reported that they did not believe mediation would be successful, and the case was continued for a pretrial conference to narrow the disputed issues.

¶ 26    On December 15, 2016, the parties' unresolved issues were identified as being parenting time, Glazar's petitions for attorney fees, outstanding discovery regarding David's financial information, and Rhonda's request for a modification of child support (to which David had filed a motion to strike). The trial court noted that mediation had been attempted on the issue of parenting time and asked if the parties were ready to set that issue for a hearing. Rhonda's attorney suggested the next court date be used as a setting date for that issue. Both parties were again ordered to provide updated financial affidavits, and the case was continued with no objection from David.

¶ 27          On January 11, 2017, David filed petitions for adjudication of criminal contempt against Rhonda and her attorney and a motion to strike and dismiss Glazar's petition for attorney fees. On January 12, 2017, the case was continued in light of David's new filings, with no objection from David. On January 26, 2017, Glazar asked for a three-week continuance for additional time to respond to David's additional filings. The trial judge stated, "I'm just wondering about the underlying petition to modify. We've got a child issue here somewhere." The trial court continued the case for Rhonda to respond to David's additional pleadings and for the completion of the hearing on David's request for a modification of parenting responsibilities.

¶ 28          On February 17, 2017, Glazar indicated that David had not yet filed a financial affidavit and that Rhonda had filed two motions to strike in response to David's most recent filings. Glazar suggested continuing the case for a status hearing. The trial court asked David if he wanted to respond to Rhonda's filings. David indicated, "Yes, I'd like to respond." With the agreement of David, the case was continued to March 10, 2017. On March 9, 2017, Rhonda (through Glazar) filed a petition for rule to show cause regarding David's failure to comply with the court's discovery orders.

¶ 29          On March 10, 2017, David did not appear in court, and the case was continued. On April 6, 2017, Glazar indicated that the notice of the hearing date had been sent to David and was returned with the indication that David had moved with no forwarding address. Glazar verbally motioned the trial court to dismiss all of David's pleadings for want of prosecution. The trial court dismissed David's pending petitions and continued the case for a hearing on Glazar's attorney fees petition.

¶ 30    On May 8, 2017, David filed a motion to reconsider the dismissal of his pleadings. On September 29, 2017, the trial court denied David's motion to reconsider because he had not alleged that he did not receive notice of the hearing date.[2]

¶ 31    David appealed.

¶ 32                            II. ANALYSIS

¶ 33    On appeal, David, acting *pro se*, raises numerous contentions of error by the trial court and requests, among other things, that all orders of the trial court entered since June 29, 2012, be vacated. David also requests that this court enter the orders that he contends should have been entered by the trial court on June 29, 2012, terminating joint custody and awarding him sole custody of the parties' children. Rhonda, represented by Glazar on appeal, argues that the trial court did not err in dismissing David's amended petition to terminate joint custody where David had failed to appear at the hearing on his petition.

¶ 34    Specifically on appeal, David argues, the trial court erred when it failed to terminate the parties' 2006 joint parenting agreement and enter an order "consistent with the wishes of fit parents" because both he and Rhonda had filed petitions to terminate joint custody (in 2012). David also contends the trial court erred by ordering mediation when the parties had already agreed to terminate joint custody, there were allegations of serious endangerment, and the litigation was beyond the 18-month time limitation of Illinois Supreme Court Rule 922 (eff. July 1, 2006). David further argues that the trial court erred by: violating his right to due process by improperly predetermining the issue of custody on August 20, 2013; allowing Rhonda "additional" time to respond to his counterpetition; entering a rule to show cause against him on

_____

[2] On October 20, 2017, Glazar filed a supplemental petition for attorney fees on behalf of Rhonda, requesting that Rhonda be awarded attorney fees and costs in the amount of $25,503.65, payable to Glazar and assessed against David.

July 22, 2014, when no petition for a rule to show cause had been filed; entering a rule to show cause against him on August 18, 2014, for failing to comply with the trial court's mediation order when there was no evidence that he failed to attend a scheduled mediation session; doing nothing on January 6, 2015, when the trial court was notified by David that Rhonda's attorney and the mediator had both "committed a fraud upon the court" as evidenced by an affidavit filed in support of Rhonda's amended petition for rule to show cause that "show[ed] someone was not telling the truth" and by the mediator's report that "must be false"; denying his request for a substitution of judge for cause; denying his request to terminate mediation where the mediator had previously appeared in this case on behalf of Rhonda and the parties were having difficulties completing a joint mediation session; granting Rhonda's motion to continue on December 17, 2015, when "the issue of custody had been pending since June 29, 2012"; ordering David to amend his pleading on December 17, 2015, to conform with changes in Illinois law that were becoming effective on January 1, 2016; and dismissing all of David's pending petitions on April 6, 2017.

¶ 35    Initially, we note that many of David's claims of reversible error are clearly refuted by the record. Moreover though, based on the record before us, it appears that this appeal is moot and is subject to a dismissal.

¶ 36    An appeal is considered "moot" when it involves no actual controversy, or the reviewing court cannot grant the complaining party effectual relief. *In re Marriage of Donald B. and Roberta B.*, 2014 IL 115463, ¶ 32. Generally, "courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the results will not be affected regardless of how those issues are decided." *Id.*

10

¶ 37    In this case, it appears the parties' children have reached the age of majority, rendering David's request for an order from this court terminating joint custody and awarding him sole custody moot. See *In re Marriage of Auriemma*, 271 Ill. App. 3d 68, 71-72 (1995) (a challenge on appeal to the split custody of the parties' two sons was rendered moot when one son reached the age of majority); see also 750 ILCS 5/505(g) (West 2018) (the termination date for child support "shall be no earlier than the date on which the child covered by the order will attain the age of 18" but if the child will not graduate from high school until after attaining the age of 18, then the termination date shall be the earlier of the child's high school graduation or the date the child will attain the age of 19). When intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party, the appeal, and issues therein, are moot, even when the events which rendered an issue moot occurred while the case is pending on appeal. *Felzak v. Hruby*, 226 Ill. 2d 382, 391-92 (2007). Accordingly, we dismiss this appeal.

¶ 38    Appeal dismissed.