**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2020[*]
Decided September 8, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3074

| | |
|---|---|
| DAVID J. ZAWISTOWSKI, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-2255 |
| MICHAEL D. KRAMER, *et al.*, *Defendants-Appellees*. | Colin S. Bruce, *Judge*. |

**O R D E R**

David Zawistowski is dissatisfied with the outcome of a child-support and child-custody dispute in state court. In this federal suit, his second against the judge who presided over the state court's proceedings, he accuses the judge, a mediator, his children's mother, and both parties' lawyers of conspiring to violate his constitutional

---

[*] Defendants Rhonda Marrs and Morgan & Glazar Law are not participating in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

rights and several state laws. *See* 42 U.S.C. §§ 1983, 1985. The district court dismissed his complaint, ruling that the judge and mediator were immune from suit and that it lacked jurisdiction over his other claims. We affirm the judgment with one modification.

Zawistowski waged a lengthy child-support and child-custody battle in Illinois state court against Rhonda Marrs, the mother of his children. The two disagreed over child support and, in 2012, decided they no longer could jointly parent their children. After two years, during which Marrs withdrew her petition for sole custody and Zawistowski successfully appealed a child-support ruling, *see Marrs v. Zawistowski*, 2019 IL App (3d) 130924-U, 2014 WL 3811079 (Ill. App. Ct. 2014), Judge Michael Kramer ordered mediation. Zawistowski objected that the mediator had a conflict of interest because she had represented Marrs in a related matter, but the judge rejected that objection. In the end, the parties failed to reach an agreement.

In the meantime, Zawistowski filed his first federal suit against Judge Kramer for conspiring with Marrs and both parties' lawyers to thwart his child-support and child-custody petitions. *See Zawistowski v. Kramer*, No. 2:14-cv-02129 (C.D. Ill. June 2, 2014). The district court dismissed his complaint, ruling that the judge was protected by judicial immunity and that no facts plausibly supported the allegations of conspiracy. *See* Order, No. 2:14-cv-02129 (C.D. Ill. Jan. 7, 2015). Zawistowski did not appeal.

Proceedings continued in state court on Zawistowski's child-support and child-custody petitions. Zawistowski sought to have Judge Kramer recuse himself on grounds of bias toward Marrs, but his request was denied. Later, when the parties signaled in the middle of trial that they agreed on most issues, the judge again ordered mediation. Zawistowski, however, failed to appear for a scheduled hearing, and the judge later dismissed the case for want of prosecution. Zawistowski appealed that ruling, but the Illinois Appellate Court dismissed his appeal as moot because his children by this time had reached the age of majority. *See Marrs v. Zawistowski*, 2019 IL App (3d) 170731-U, 2019 WL 6313536 (Ill. App. Ct. 2019).

While his state-court appeal was pending, Zawistowski returned to federal court and filed this suit against Judge Kramer, Marrs, her lawyer, the mediator, and his former lawyer. In a lengthy complaint, he alleged that the judge predetermined the result of the proceedings, misapplied domestic-relations law, knowingly accepted false statements and fraudulent filings, and otherwise conspired with the other defendants to violate his rights to procedural due process and to decide matters about his children's care. Judge Kramer's adverse rulings, he continued, were part of a plot by the

defendants to retaliate against him for filing his first federal complaint and appealing a child-support order. Zawistowski also accused Marrs, her lawyer, and the mediator of malicious prosecution and abuse of process under state law, and his former lawyer of legal malpractice.

Judge Kramer, Marrs, and Zawistowski's former lawyer filed motions to dismiss, contending that the court lacked jurisdiction over Zawistowski's claims and that several were barred by the doctrine of res judicata. Neither the mediator nor Marrs's lawyer joined these motions, though they filed untimely answers after Zawistowski moved for entry of a default judgment against the mediator.

The district court dismissed the complaint. The court ruled that Judge Kramer and the mediator were immune from suit and dismissed the claims against them with prejudice. The court also concluded that Zawistowski's remaining federal claims were barred by the domestic-relations exception to federal jurisdiction, which divests federal courts of power to hear divorce, alimony, and custody matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992). To the extent some of his claims challenged a final state-court judgment, the court added, those were barred by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Having dismissed Zawistowski's federal claims, the court relinquished jurisdiction over his state-law claims and denied his motion for entry of a default judgment against the mediator on grounds that it lacked jurisdiction.

On appeal Zawistowski challenges the district court's application of the domestic-relations exception to his case. He emphasizes that the exception is narrow and asserts that it is inapplicable because he seeks damages for the defendants' wrongful actions, rather than the issuance of any child-support or child-custody orders.

But Zawistowski's federal claims, which attack the defendants' actions during family-court proceedings, all fall within the exception. Unlike a plaintiff whose case merely "touch[es] on the subject" of children or marriage, *see Arnold v. Villareal*, 853 F.3d 384, 387 n.2 (7th Cir. 2017), Zawistowski wants the federal court to intervene in a contested domestic-relations matter that has been reserved to the state court. *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007). In his complaint, he details the parties' procedural missteps in state court and Judge Kramer's purported errors while presiding over the case, but nowhere does he allege any conduct or injuries outside of the child-support and child-custody proceedings. An adjudication of his request for damages would require the district court to re-evaluate the merits of those proceedings.

*See Allen v. Allen*, 48 F.3d 259, 261–62 (7th Cir. 1995). However, dismissal of a complaint for lack of subject-matter jurisdiction—as is the case here—should be without prejudice. *See* FED. R. CIV. P. 12(b)(1); *Lewert v. P.F. Chang's China Bistro*, 819 F.3d 963, 969 (7th Cir. 2016). We modify the judgment accordingly.

Because the district court lacked subject-matter jurisdiction, we do not consider Zawistowski's other contentions that the district court erred in determining immunity, in dismissing his state-law claims, and in refusing to enter a default judgment against the mediator who filed her answer in untimely fashion. *See Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006) ("[I]mmunity is a defense rather than a jurisdictional defect."); *Mains v. Citibank, N.A.*, 852 F.3d 669, 679 (7th Cir. 2017) (addressing supplemental jurisdiction over state-law claims); s*ee Swaim v. Moltan Co.,* 73 F.3d 711, 716 (7th Cir. 1996) (addressing the relationship between subject-matter jurisdiction and entries of default judgment).

We have considered Zawistowski's remaining arguments, and none has merit.

We AFFIRM the district court's judgment, though we modify it to be without prejudice.