No. 2-09-0294       Filed:  6-11-10

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| In re MARK P., Alleged to be a Person Subject to Involuntary Admission | ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Lake County.  No. 00--MH--7  Honorable Jay W. Ukena, Judge, Presiding. |
| (The People of the State of Illinois, Petitioner-Appellee, v. Mark P., Respondent-Appellant). | | |

_____

JUSTICE McLAREN delivered the opinion of the court:

After an involuntary commitment hearing, the trial court found that respondent, Mark P., was a person subject to involuntary admission.  Respondent appeals from this finding and requests reversal of the order, arguing that he was denied a fair trial because: (1) he was handcuffed "without any inquiry as to whether handcuffs were warranted"; (2) defense counsel was ineffective for failing to properly raise the issue of restraining him; and (3) even though the commitment order has expired, this issue falls within the public interest exception to the mootness doctrine.  We affirm the judgment of the trial court.

I. BACKGROUND

On February 19, 2009, a petition for emergency admission by certificate was filed pursuant to the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/3--600 (West 2008)), asserting that respondent was a person with mental illness who, because of his illness, was reasonably expected to engage in dangerous conduct and was in need of immediate hospitalization.

On March 5, 2009, after one continuance, respondent's court-appointed attorney from the Legal Advocacy Service, Guardianship & Advocacy Commission, moved to withdraw as counsel, based on respondent's desire to represent himself and his refusal to speak with her. After questioning respondent, the trial court denied the motion, stating, "I don't believe that [respondent] is capable of representing himself in this matter."

Prior to her motion to withdraw, respondent's attorney pointed out that respondent was in handcuffs. After she asked the trial court to remove them, the following exchange was had:

"[ASSISTANT STATE'S ATTORNEY]: The deputies are comfortable with them on him.

THE DEPUTY: We are fine.

THE COURT: Fine. Okay.

[RESPONDENT'S ATTORNEY]: Can I make an objection on the record? I do object. He is not charged with a crime. It's a civil matter. It seems prejudicial to continue to have him in restraints essentially given the nature of the case.

THE COURT: That wouldn't affect my view one way or the other."

The case then proceeded to hearing. Dr. Uzmo Okoli, respondent's treating psychiatrist at Vista East Medical Center, testified that respondent had a history of auditory and visual hallucinations, and also paranoid delusions, which had been ongoing for longer than six months. He further testified that respondent was aggressive, hostile, and threatening and had to be "physically and chemically restrained." In his opinion, respondent suffered from paranoid schizophrenia, and, without treatment, respondent would continue to exhibit these types of behaviors.

After hearing Dr. Okoli's testimony, the trial court found that respondent had been shown by clear and convincing evidence to suffer from paranoid schizophrenia; that he had been shown by clear and convincing evidence to be reasonably likely to engage in dangerous conduct; that he needed inpatient hospitalization in the least restrictive alternative, namely, Elgin Mental Health Center; and that alternative treatment settings were inappropriate at that time. After being admonished as to his rights of appeal, respondent asked, "What am I appealing?" The trial court replied, "The decision I just made." Respondent then went on:

"Can I have it in writing? I can't move. You are threatening me in that aspect. You're holding me unlawfully. I can't move my arm [sic] or my legs. I don't know these people. Supposedly--I don't acknowledge them in that aspect. Supposedly she's representing me. Can I see that, please?"

Notice of appeal was timely filed.

## II. ANALYSIS

During oral argument, respondent argued that the newly adopted Supreme Court Rule 430 was applicable to these civil proceedings, as were the cases that the rule codified, People v. Boose, 66 Ill. 2d 261 (1977), and People v. Allen, 222 Ill. 2d 340 (2006). See Official Reports Advance Sheet No. 7 (April 7, 2010), R. 430, eff. July 1, 2010. Previously, the hearing contemplated by Rule 430 was labeled a "Boose hearing," which is typically involved with concerns relating to juries being affected by a shackled or restrained defendant. However, Boose and Allen also declare other reasons for requiring restraints when the trial court deems them necessary, even in instances where a jury is not involved. We believe that some, but not all, of the observations in Boose and Allen apply to civil

proceedings. Conversely, there are certain aspects of those two cases and Rule 430 that are classically criminal and have no place in a civil proceeding.

The determination of whether and how to restrain a defendant is left to the discretion of the trial court in both criminal and civil proceedings, and we must examine whether the trial court abused that discretion. Allen, 222 Ill. 2d at 348; In re A.H., 359 Ill. App. 3d 173, 182 (2005) (civil proceeding). Recognizing that there are certain circumstances that might require restraint of a defendant, the Allen court enumerated factors to be considered by the trial court in making its determination, including, inter alia, the seriousness of the charge; the defendant's temperament and character; the defendant's age and physical characteristics; the defendant's past record; the defendant's escapes or attempted escapes; the defendant's threats to harm others or create a disturbance; evidence of the defendant's self-destructive tendencies; the nature and physical security of the courtroom; and the adequacy and availability of alternative remedies. Allen, 222 Ill. 2d at 347-48. Further, a trial court must, outside the presence of any jury, place its reasons for restraining a defendant on the record and also provide defense counsel with an opportunity to offer reasons why the defendant should not be restrained. People v. Urdiales, 225 Ill. 2d 354, 416 (2007) (the defendant wore leg shackles that were not visible to the jury during his trial for murder).

Respondent concedes that Illinois case law does not guarantee a respondent in a civil commitment hearing the same constitutional rights as a defendant in a criminal proceeding. See In re Lawrence S., 319 Ill. App. 3d 476, 482 (2001). Nonetheless, he argues, for the first time in this court, that the procedural protections of Boose should apply and that, when the trial court refused to remove his handcuffs, his rights to due process were violated and he was denied a fair trial. The State responds that "no Illinois case requires a Boose inquiry before a civil litigant is presented before

a judge for a hearing wearing handcuffs" (emphasis added). We agree that there is no precedent as to whether a Boose hearing is appropriate in a civil proceeding of this type, held in an essentially closed courtroom without a jury and, further, before a judge who has expressed in open court that the handcuffs would have no effect on his judgment of the merits.

However, the precise issue is whether anyone appearing before a judge for trial should be shackled without good cause shown on the record. This court in People v. Robinson, 375 Ill. App. 3d 320, 329 (2007), holding that the defendant's postconviction petition did not sufficiently allege the prejudice needed for a successful claim of ineffective assistance of counsel, discussed the due process violation inherent in the visible shackling of a defendant, without justification, during the guilt phase of his trial. Robinson, 375 Ill. App. 3d at 330. Even in a bench hearing, with no danger of improperly influencing a jury, shackling a defendant should be avoided absent special circumstances, i.e., possible harm to others, risk of escape, or disruption of the proceedings. Robinson, 375 Ill. App. 3d at 330. Moreover, "[b]ecause shackling a defendant during trial is presumptively improper, the court may not do so unless it places its reasons on the record and gives defense counsel an opportunity to offer reasons why the defendant should not be shackled. [Citations]. Only by doing so can the court enable a reviewing court to decide whether the shackling was an abuse of discretion." Robinson, 375 Ill. App. 3d at 330.

In this case, defense counsel objected by pointing out that respondent was in handcuffs and asking the trial court to remove them. After the trial court specifically stated that its "view would not be affected one way or another," defense counsel continued: "I do object. He is not charged with a crime. It's a civil matter. It seems prejudicial to continue to have him in restraints essentially given the nature of the case." However, counsel did not request a factual basis for the trial court's refusal

to order removal of the restraints. The record suggests that the deputies in the courtroom had handcuffed respondent, and, after defense counsel objected, the assistant State's Attorney indicated to the court that the deputies preferred to keep the handcuffs on, saying "[t]he deputies are comfortable with [handcuffs] on him." It appears that the trial court adopted the determination of the deputies without any specific findings. It is the court's responsibility to determine whether restraints should be imposed, not the sheriff's or his agents'. We do not view this as a proper procedure for restraining an individual in this situation.

The trial court should have exercised its discretion instead of adopting a nonspecific statement that the deputies were fine with it. Additionally, there should have been some factual basis for the restraints other than that they would have no effect on the court's judgment. However, a Boose hearing was not requested below and the trial court did not consider holding a Boose hearing either upon request or sua sponte. Therefore, the question of whether a Boose hearing or a hearing under Rule 430 (which has yet to become effective) is required has not been preserved for review, and we need not answer this question in order to determine the merits of the claim raised below, i.e., that respondent should not have been handcuffed during the hearing.

We believe the basic requirement that the trial court exercise its discretion with regard to any restraints placed upon respondent did not occur in this case. The trial court overruled the objection without indicating that it was exercising its discretion, instead adopting the stance of the deputy, "We are fine." Rather than applying any factors relevant to this particular proceeding, to evidence relating to the issue, the trial court merely indicated that it was fine with continuing the restraints and that the restraints would not affect its judgment on the merits. As a result, there is no exercise of discretion in the record for this court to review.

The dissent asserts that respondent has forfeited the issue by failing to present arguments as to "two requirements of the public interest exception": whether answering the question will provide authoritative guidance for public officers and whether the claim is likely to recur in the future. Slip op. at 10. On the contrary, respondent recognizes that this matter is moot, but asserts that the requirements of the "public interest exception" of In re Alfred H.H., 233 Ill. 2d 345, 350 (2009), are fulfilled in that: (1) the question of whether a respondent in a civil commitment hearing is entitled to the same procedural protections as a criminal defendant is a question of a public nature; (2) the determination of whether trial courts are required to conduct an inquiry pursuant to Boose before restraining civil-commitment respondents will provide future guidance for public officers; and (3) the issue presented is likely to recur. Our holding recognizes that this situation is going to be repeated in courtrooms and that every trial court should be aware that it is the final arbiter of whether a respondent should be shackled, handcuffed, or otherwise restrained in the courtroom. We find it necessary to give guidance to trial court judges and public officers regarding the necessity of a finding, on the record, of some factual basis for the restraints. Furthermore, given the failure of the court to exercise its independent judgment regarding the shackling of this respondent, it is reasonable to conclude that the trial court will continue to commit error with other respondents were we not to criticize this procedure.

We also note that the failure to hold a Boose hearing is within the ambit of harmless error. In re A.H., 359 Ill. App. 3d at 182. We do not opine as to whether a Boose hearing was required in this case, because we determine that the precise issue was neither raised nor preserved and is immaterial to resolving the issue on review in that we have found error due to the lack of the exercise

of discretion below. At minimum, a respondent appearing before a judge for trial or hearing should not be shackled without good cause shown on the record.

Therefore, we determine that the trial court committed error by failing to exercise its discretion regarding the restraints left in place during the hearing. However, we determine that the error was harmless. Here, the presence of handcuffs could have had two possible effects: that of prejudicing the trial court and that of hampering respondent in the presentation of his defense. The trial court stated that it was not affected, and respondent's statement at the end of the hearing that he could not move his arms or his legs cannot be construed to mean that the restraints hindered his ability to participate in the hearing to his prejudice, as averred by respondent. We find that the record does not support either contention. The evidence clearly established the need for respondent's institutionalization. In sum, the record lacks sufficient evidence to establish either that respondent was legally affected by his restraints or that it is reasonable to conclude that the outcome would have been different without them.

### B. Ineffectiveness of Counsel

Respondent also argues that trial counsel did not provide effective assistance at his commitment hearing. Section 3--805 of the Code guarantees every respondent subject to involuntary commitment the right to counsel. See 405 ILCS 5/3--805 (West 2008). This statutory provision for the right to counsel implicitly includes the right to the effective assistance of that counsel. In re Carmody, 274 Ill. App. 3d 46, 54 (1995). The Strickland standard (Strickland v. Washington, 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692, 104 S. Ct. 2052, 2063 (1984)) has been adopted in the area of the law dealing with the mentally ill who are facing a loss of liberty in an involuntary commitment proceeding. See In re Kevin S., 381 Ill. App. 3d 260, 267 (2008); Carmody, 274 Ill. App. 3d at 54.

Arguably, defense counsel was deficient when she merely objected to respondent's handcuffs prior to the hearing without requesting that the trial court enunciate its rationale or its independent judgment, thereby forfeiting the issue. However, as we have previously determined that only harmless error occurred, counsel was not ineffective. The Strickland test requires the complaining party to establish that trial counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that the outcome would have been different if the errors had not been committed. Strickland, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. If the party fails to establish one prong of the test, the claim is rejected. Strickland, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

Because we have determined that respondent's restraints did not affect the outcome of the hearing and that he suffered no prejudice because of them, he has failed to establish the second prong of the Strickland test. Therefore, we reject the claim of ineffective assistance of counsel.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON, J., concurs.

PRESIDING JUSTICE ZENOFF, dissenting:

I must respectfully dissent and would dismiss this appeal on the ground of mootness, which the majority fails to address. Respondent concedes that the 90-day commitment order appealed from has expired and is moot, but contends that this case falls within the public interest exception to the mootness doctrine because the question of "whether respondents in civil commitment hearings are entitled to the same protections as criminal defendants is a question of a public nature." Even if that assertion could be construed as presenting an issue of adequate breadth or as affecting the public as

-9-

a whole, respondent fails to present any argument at all on the other two requirements of the public interest exception: whether answering the question will provide authoritative guidance for public officers and whether the claim is likely to recur in the future. Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)) provides that "[p]oints not argued are waived." Accordingly, I would hold that respondent has forfeited this argument. While I do not disagree that issues regarding shackling in criminal and civil cases are serious, my point is that it is respondent's burden to present argument to this court that demonstrates that all requirements of the public interest exception are met. Notwithstanding the majority's assertion that respondent "recognizes" that all requirements of that exception have been fulfilled, respondent presented no argument or case authority whatsoever with respect to the second and third aspects of the exception. The reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. First National Bank of LaGrange v. Lowrey, 375 Ill. App. 3d 181, 208 (2007). " 'The appellate court is not a depository in which the appellant may dump the burden of argument and research.' " Lowrey, 375 Ill. App. 3d at 208, quoting In re Marriage of Auriemma, 271 Ill. App. 3d 68, 72 (1994).

Moreover, I dissent from the majority's application of some of the Boose and Allen protections to civil proceedings while it recognizes that the issue of whether a Boose hearing was required in this case has not been preserved for appellate review. The trial court was not given an opportunity to address the issue, and the record, in my view, is inadequate for making such a sweeping change to the law.

Finally, another problem I see is that the majority purports to decide a narrow issue, reasoning that it was harmless error for the trial court to have allowed respondent to remain handcuffed during

the involuntary commitment hearing without making a detailed record of its factual findings warranting the security measures. Yet, the majority also seems to allude to a requirement for a trial court to hold a <u>Boose</u> hearing for "a respondent." The majority, thus, does not define whether it is describing all respondents in civil commitment hearings, or "anyone appearing before a judge for trial." Slip op. at 5. These statements would actually represent broader holdings than that seemingly made by this court.