NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230660-U

NO. 4-23-0660

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 16, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Boone County |
| MICHAEL S. SWANSON, | ) | No. 23CF14 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan A. Swift, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding (1) the trial court did not commit plain error in keeping defendant shackled during one *pro se* pretrial motion hearing and (2) the record does not establish defendant was physically restrained in any way during his *pro se* bench trial.

¶ 2    Following a June 2023 bench trial, defendant, Michael S. Swanson, was convicted of one count of violation of an order of protection (720 ILCS 5/12-3.4(a)(1) (West 2022)). The trial court sentenced defendant to 30 months' imprisonment, to be followed by 4 years' mandatory supervised release (MSR). Defendant appeals, arguing the court committed plain error when it required him to be shackled during his *pro se* pretrial motion hearings and *pro se* bench trial without conducting the requisite hearing to determine whether keeping him shackled on those occasions was appropriate. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In September 2022, defendant was served with an order of protection issued by the circuit court of Boone County, prohibiting him from having contact with his ex-girlfriend, A.B. On January 18, 2023, defendant e-mailed A.B. three times, in violation of the order of protection. The next day, the State charged defendant with one count of violation of an order of protection (720 ILCS 5/12-3.4(a)(1) (West 2022)). The State charged this offense as a Class 4 felony since defendant had been convicted the previous year of violation of an order of protection. (720 ILCS 5/12-3.4(d) (West 2022)).

¶ 5                              A. Defendant's Pretrial Hearings

¶ 6        Defendant attended numerous pretrial hearings, beginning with his initial appearance on February 1, 2023, when he demanded a speedy trial and stated he intended to hire an attorney. The trial court appointed the public defender to represent defendant in the interim. On May 5, 2023, the court granted the public defender's motion to withdraw and allowed defendant to proceed *pro se*. The court and/or public defender stated on the record defendant was "in custody" at each hearing from his initial appearance up to and including the May 26, 2023, status hearing except the March 16, 2023, hearing, at which the public defender informed the court of defendant's insistence on proceeding *pro se*. The only indication defendant was in custody at the June 7, 2023, hearing on his *pro se* motion to dismiss is the statement on the cover page of the transcript, "Defendant appears in custody *pro se*."

¶ 7        The trial court continued the hearing on defendant's *pro se* motion to dismiss to June 16, 2023. On that date, though the court did not state defendant was "in custody," the cover page of the transcript of the hearing reflects he was. After hearing additional argument, the court denied defendant's motion to dismiss.

¶ 8        The same day, the trial court held a hearing on defendant's *pro se* "Motion to Suppress Police Report" and "Motion to Suppress Search Warrant." The court first denied the motion to suppress the police report. During the hearing on the motion to suppress the search warrant, the following exchange occurred:

"THE DEFENDANT: Well, it says that [Belvidere police detective Richard Zapf] found, seized and took possession of" *** "certain property and hereby [makes an] inventory of all said property as seized, you know, talking about file types downloaded on a USB flash drive on June 6th, you know, so that's when he allegedly seized it *** and they got 96 hours to execute it, but then they also have to return whatever they find, you know—*I mean, I don't have it in front of me because I'm cuffed* but—

THE COURT: I understand perfectly what you're saying. I think it's well taken. I can't find that Google only has 96 hours to turn that over, though, is my point." (Emphasis added.)

¶ 9        The trial court then denied defendant's "Motion to Suppress Search Warrant." Thereafter, defendant demanded a "[b]ench trial ASAP." During the colloquy regarding defendant's waiver of his right to a jury trial, the court observed he was "in custody." The court accepted defendant's jury waiver as "freely and voluntarily made."

¶ 10                              B. Defendant's Bench Trial

¶ 11        During defendant's June 29, 2023, bench trial, defendant appeared in court wearing an orange and white jumpsuit. At the conclusion of the hearing, the trial court reserved issuing its verdict. The court stated, "[defendant] is obviously in custody so I don't want to take too much time."

¶ 12        On July 3, 2023, the trial court rendered a verdict of guilty. Although the court did not state defendant was "in custody," the cover page of the transcript of the hearing reflects he was.

¶ 13        At the beginning of the July 21, 2023, sentencing hearing, the trial court noted defendant appeared "in custody and [was] about to be seated at counsel table." The court sentenced defendant to 30 months' imprisonment, followed by 4 years' MSR.

¶ 14        This appeal followed.

¶ 15                              II. ANALYSIS

¶ 16        On appeal, defendant argues he was denied due process when the trial court kept him shackled during his *pro se* pretrial hearings and bench trial. Acknowledging he did not preserve this issue for review, defendant asserts the court committed plain error when it did not conduct a hearing pursuant to *People v. Boose*, 66 Ill. 2d 261, 362 N.E.2d 303 (1977), on the propriety of keeping him shackled on those occasions. The State responds no plain error occurred because (1) defendant has not provided a record adequate to establish he was shackled during pretrial hearings, (2) even if he was shackled during pretrial hearings, this would not implicate the due process concerns identified by the Illinois Supreme Court in *Boose* and later codified in Illinois Supreme Court Rule 430 (eff. July 1, 2010), and (3) the record reflects he was merely "in custody," not shackled at trial, and he has not provided a record adequate to establish otherwise.

¶ 17        "To preserve a purported error for consideration by a reviewing court, a defendant must object to the error at trial and raise the error in a posttrial motion. [Citation.] Failure to do either results in forfeiture." *People v. Sebby*, 2017 IL 119445, ¶ 48, 89 N.E.3d 675. However, pursuant to Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967), "[p]lain errors or defects

affecting substantial rights may be noticed although they were not brought to the attention of the trial court." An appellate court may review a forfeited issue in two circumstances. Those are:

"(1) when a 'clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error,' or (2) when 'a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence.' [Citation.]" *Sebby*, 2017 IL 119445, ¶ 48.

¶ 18      Defendant contends we should review this issue for second-prong plain error. "The initial step in conducting plain-error analysis is to determine whether error occurred at all." *People v. Walker*, 232 Ill. 2d 113, 124, 902 N.E.2d 691, 697 (2009).

¶ 19                      A. Shackling Criminal Defendants During Trial

¶ 20                                      1. Boose

¶ 21      In *Boose*, the Illinois Supreme Court held:

"A defendant may be shackled when there is reason to believe that he may try to escape or that he may pose a threat to the safety of the people in the courtroom or if it is necessary to maintain order during the trial. [Citations.] *** The trial judge should state for the record his reasons for allowing the defendant to remain shackled, and he should give the defendant's attorney an opportunity to present reasons why the defendant should not be shackled. These proceedings should take place outside the presence of the jury. [Citations.]" *Boose*, 66 Ill. 2d at 266.

¶ 22    The supreme court then identified a series of factors trial judges should consider in determining whether to keep defendants shackled during trials:

> " '[T]he seriousness of the present charge against the defendant; defendant's temperament and character; his age and physical attributes; his past record; past escapes or attempted escapes, and evidence of a present plan to escape; threats to harm others or cause a disturbance; self-destructive tendencies; the risk of mob violence or of attempted revenge by others; the possibility of rescue by other offenders still at large; the size and mood of the audience; the nature and physical security of the courtroom; and the adequacy and availability of alternative remedies.' [Citations.]" *Boose*, 66 Ill. 2d at 266-67.

¶ 23    The supreme court held these principles applied to pretrial competency hearings as well as trials. *Boose*, 66 Ill. 2d at 268. The court quoted its decision in *People v. Bender*, 20 Ill. 2d 45, 47-48, 169 N.E.2d 328, 330 (1960), where it noted the importance of such hearings being conducted without prejudicial error given they are intended to protect a defendant's constitutional right not to be tried while mentally incompetent. *Boose*, 66 Ill. 2d at 268-69.

¶ 24                                    2. In re Staley

¶ 25    In *In re Staley*, 67 Ill. 2d 33, 364 N.E.2d 72 (1977), the supreme court extended its holding in *Boose* to the context of a bench trial. While there was no jury trial at issue in *Staley*,

> "[t]he possibility of prejudicing a jury *** is not the only reason why courts should not allow the shackling of an accused in the absence of a strong necessity for doing so. The presumption of innocence is central to our administration of criminal justice. *** It jeopardizes the presumption's value and protection and

demeans our justice for an accused without clear cause to be required to stand in a courtroom in manacles or other restraints while he is being judged." *Staley*, 67 Ill. 2d at 37.

The court held, in the absence of a showing of its necessity, "an accused cannot be tried in shackles whether there is to be a bench trial or a trial by jury." *Staley*, 67 Ill. 2d at 38.

¶ 26                                    3. People v. Allen

¶ 27        In *People v. Allen*, 222 Ill. 2d 340, 347, 856 N.E.2d 349, 353 (2006), the supreme court held "[its] holdings in *Boose* and *Staley* regarding shackles apply equally to those defendants who are restrained by means of an electronic stun belt worn under their clothing at trial." The court required trial courts to apply the *Boose* standard to the determination of whether "there has been a showing of manifest need" for defendants to wear such devices during trial. *Allen*, 222 Ill. 2d at 347. The court held that "[a] trial court's failure to follow the procedures set forth in *Boose* before ordering that defendant continue to wear an electronic stun belt during his trial constitutes a due process violation." *Allen*, 222 Ill. 2d at 349. However, "although the failure to conduct a *Boose* hearing under these circumstances is an error, defendant's failure to object and to carry his burden of persuasion amounts to forfeiture of the error, where he cannot establish that it prevented him from obtaining a fair trial." *Allen*, 222 Ill. 2d at 353-54. See *People v. Bell*, 2020 IL App (4th) 170804, ¶ 127, 145 N.E.3d 740 (noting the *Allen* court disagreed with the proposition that restraining a defendant without a *Boose* hearing automatically constituted plain error and held, instead, "the issue of second-prong plain error must be considered on a case-by-case basis").

¶ 28                                    4. *Rule 430*

¶ 29        The supreme court codified its holdings in *Boose* and *Allen* in Illinois Supreme

Court Rule 430 (eff. July 1, 2010); *People v. Reese*, 2017 IL 120011, ¶ 48, 102 N.E.3d 126. In

pertinent part, Rule 430 provides:

>        "An accused shall not be placed in restraint of any form unless there is a
>
>        manifest need for restraint to protect the security of the court, the proceedings, or
>
>        to prevent escape. Persons charged with a criminal offense are presumed innocent
>
>        until otherwise proven guilty and are entitled to participate in their defense as free
>
>        persons before the jury or bench. Any deviation from this right shall be based on
>
>        evidence specifically considered by the trial court on a case-by-case basis. The
>
>        determination of whether to impose a physical restraint shall be limited to trial
>
>        proceedings in which the defendant's innocence or guilt is to be determined, and
>
>        does not apply to bond hearings or other instances where the defendant may be
>
>        required to appear before the court prior to a trial being commenced." Ill. S. Ct. R.
>
>        430 (eff. July 1, 2010).

¶ 30                        B. Defendant's Pretrial Hearings

¶ 31        This court has observed that while Rule 430 is a codification of the holdings in

*Boose* and *Allen*, it is not a precise replication. We have noted "while the supreme court stated in

its comments to Rule 430 *** the rule codified *Boose* and *Allen* (Ill. S. Ct. R. 430, Commentary

(adopted Mar. 22, 2010)), a conflict exists with the *Boose* finding its determination applied to

pretrial competency hearings and the language of the rule." *People v. Kelley*, 2013 IL App (4th)

110874, ¶ 19, 986 N.E.2d 770.

¶ 32        While the record reflects defendant appeared "in custody" at various pretrial

hearings, it also only establishes he was physically restrained for one hearing on his various

pretrial motions. As the supreme court stated in *Boose*, the requirements a trial court must satisfy before allowing a defendant to be shackled during trial apply as well to pretrial *competency* hearings because of the fundamental due process concerns inherent in determining if a defendant is mentally competent before subjecting him to trial. *Boose*, 66 Ill. 2d at 268-69 (quoting *Bender*, 20 Ill. 2d at 47-48). However, the pretrial hearing on defendant's motions to suppress was not such a hearing. Citing the Third District's decision in *People v. Rippatoe*, 408 Ill. App. 3d 1061, 945 N.E.2d 132 (2011), defendant argues the *Boose* requirements should apply to "a substantive pretrial hearing," such as the one at issue here. The Third District read *Boose* and *Allen* as holding "it is error for a court to order or permit a defendant to be shackled *at any point in a criminal proceeding* unless the court has conducted a hearing in which it determines a manifest need for such restraints." (Emphasis added.) *Rippatoe*, 408 Ill. App. 3d at 1066-67. However, this court disagreed with the *Rippatoe* court's interpretation of *Boose* and *Allen*, noting both decisions "addressed the use of restraints in the presence of a jury but did not discuss the use of restraints at *all* criminal proceedings." (Emphasis added.) *Kelley*, 2013 IL App (4th) 110874, ¶ 21.

¶ 33       Moreover, the supreme court expressly restricted the application of Rule 430 to "trial proceedings in which the defendant's innocence or guilt is to be determined" and separately excluded "bond hearings or other instances where the defendant may be required to appear before the court prior to a trial being commenced" from its application. Ill. S. Ct. R. 430 (eff. Jan. 1, 2010). "Where the language [of an Illinois Supreme Court rule] is plain and unambiguous, we may not add provisions not contained therein or read exceptions or limitations into the rule that conflict with the drafters' expressed intent." *In re H.L.*, 2015 IL 118529, ¶ 6, 48 N.E.3d 1071.

¶ 34    Here, under the express language of Rule 430, the pretrial motion hearing where defendant was shackled was not a "trial proceeding[ ] in which [his] innocence or guilt [was] to be determined" but is, instead, one of those "other instances where [he was] required to appear before the court prior to a trial being commenced" to which the requirements of Rule 430 do not apply. Ill. S. Ct. R. 430 (eff. Jan. 1, 2010). Accordingly, we conclude the trial court did not err in allowing defendant to be physically restrained during the pretrial hearing at issue without first holding a hearing to determine its necessity. As the court did not err, there can be no plain error. *People v. Johnson*, 218 Ill. 2d 125, 139, 842 N.E.2d 714, 722 (2005).

¶ 35                    C. Defendant's Bench Trial

¶ 36    Defendant argues his shackling at his bench trial can be established by "reasonable inferences" from the record. Defendant refers to points during the bench trial where he was assisted by the bailiff with handling exhibits to "strongly indicate[ ] that he was shackled." Specifically, defendant references three instances where the trial court invited him to hand an exhibit to the bailiff.

First:

> "THE DEFENDANT: Your Honor, am I able to have him read Lines 7 through 12 from his police report for the Court?
>
> THE COURT: Sure. Yeah, if you want to approach? Or have—why don't you give that to my bailiff, have him approach."

Second:

> "THE DEFENDANT: Can the defense ask the Court—
>
> THE COURT: —want to hand that to my bailiff to provide to the officer?"

Third and finally:

"THE DEFENDANT: Okay. So this is going to be Defendant's Exhibit No. 15.

THE COURT: 15?

THE DEFENDANT: Yes.

THE COURT: Okay. And then if you want to hand that to my bailiff to hand to the officer."

¶ 37    However, the foregoing examples illustrate only that defendant was assisted by the bailiff in his presentation of exhibits during his bench trial. Nowhere in the record do we find any evidence that could be reasonably construed as implying defendant was shackled during trial. "On appeal, it is generally the appellant's burden to provide the reviewing court with a sufficient record to establish the error that he complains of." *Doe v. Readey*, 2023 IL App (1st) 230867, ¶ 36. "[A] reviewing court cannot look beyond the record and speculate on what may have occurred in the trial court. A court of review is limited to the record before it." *Webster v. Hartman*, 195 Ill. 2d 426, 436, 749 N.E.2d 958, 964 (2001). While the record reflects defendant was (1) "in custody," (2) wearing an orange and white jumpsuit, and (3) assisted by the bailiff, these facts do not establish he was physically restrained. To conclude defendant was shackled during trial on this record would require us to engage in speculation beyond the record, which we will not do.

¶ 38    Accordingly, defendant has not met his burden of demonstrating error by the trial court. See *People v. Naylor*, 229 Ill. 2d 584, 593, 893 N.E.2d 653, 659-60 (2008) ("When a defendant fails to establish plain error, the result is that the 'procedural default must be honored.' ").

¶ 39                              III. CONCLUSION

¶ 40　　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 41　　　　　Affirmed.